# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MITCHELL BRADLEY ISLER,

              Plaintiff,

      vs.

KETCHIKAN CORRECTIONAL, *et al.*

              Defendant.

Case No. 5:20-cv-00010-RRB

## SCREENING ORDER

On September 14, 2020, Mitchell Bradley Isler, a self-represented prisoner, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, along with state court forms for a Prisoner's Request for Exemption from the Filing Fee and a financial statement for an appointment of counsel.[1]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee.  In this screening, a court shall dismiss the case at any time if the court determines that the action:

        (i)     is frivolous or malicious;

---

[1] Dockets 1–3.

> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[4]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[5]

---

[2]  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[4]  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[5]  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

## DISCUSSION

Mr. Isler alleges claims against Ketchikan Correctional Facility and another prisoner, Jason Harris, pursuant to 42 U.S.C. § 1983.[6] 42 U.S.C. § 1983 has specific statutory requirements, requiring the harm or injury to be caused by a state actor in violation of a federal constitutional or civil right. Mr. Isler's Complaint does not plausibly allege facts that state a valid claim under 42 U.S.C. § 1983. Accordingly, the Court dismisses the Complaint, but grants Mr. Isler leave to amend in accordance with the guidance of this order.

## I.    Allegations

Mr. Isler alleges that on September 14, 2018, he was assaulted by Jason Harris, another inmate at Ketchikan Correctional Facility.[7] Mr. Isler alleges that the assault resulted in significant injury to his head and face.[8] Further, he alleges that his injuries continue to cause pain and require medication and medical attention.[9]

For relief, Mr. Isler requests (1) damages in the amount of $350,000; (2) punitive damages in the amount of $350,000.00; (3) an order for defendants to

---

[6] *See* Docket 1.

[7] Docket 1 at 3.

[8] Docket 1 at 3–5.

[9] Id.

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 3 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 3 of 12

"pay civil award for pain and suffering"; and (4) a declaration that Mr. Isler was "assaulted in [Department's Custody].[10]

## II.    42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[11]  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[12]  To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[13]  To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[14]  These essential elements must be pleaded in a § 1983 claim.

---

[10] Docket 1 at 8.

[11] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

[14] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 4 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 4 of 12

### A. Section 1983 requires that a defendant be a state actor

42 U.S.C. § 1983 also requires that a defendant must be "acting under the color of state law".[15] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[16] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[17] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[18]

#### 1. State agencies are not persons under 42 U.S.C. § 1983

States or state agencies are not persons under 42 U.S.C. § 1983. States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution, which makes them immune from suit unless that immunity is waived.[19] "States or

---

[15] *West*, 487 U.S. at 49.

[16] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[17] See Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002).

[18] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); see also *Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[19] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 5 of 12

Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 5 of 12

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not 'persons' under [Section] 1983."[20] Ketchikan Correctional Center is a facility run by the State of Alaska Department of Corrections. A suit against Ketchikan Correctional Center is a suit against the Department of Corrections, which is an arm of the State of Alaska. Ketchikan Correctional Center is not a proper defendant under Section 1983.

### 2. Private parties are not generally held liable under 42 U.S.C. § 1983

Private citizens or entities are generally not proper defendants for a § 1983 action.[21] Rather, an individual must have "exercised power" while "clothed with the authority of state law."[22] In other words, a private party can be subject to suit under § 1983 for violating a plaintiff's civil rights "only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[23] The Ninth Circuit, following the United

---

U.S. 1, 15 (1890).

[20] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

[21] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc*); see generally Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) (analyzing whether a corporation's actions that resulted in the loss of the petitioner's property were under color of state law.).

[22] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (establishing that when state officials are administering a federal funded program, the state officials are still acting under color of state law).

[23] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation and internal quotation marks omitted).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 6 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 6 of 12

States Supreme Court, explains that, "[s]pecifically, a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'"[24]

Mr. Isler alleges that Jason Harris assaulted him causing him injury. At the time of the incident, Jason Harris was a prisoner in the custody of Ketchikan Correctional Facility. However, Mr. Isler has not plausibly alleged any facts that would support a finding that Jason Harris is a state actor.

## B. A state actor must violate a pre-existing constitutional or federal right

42 U.S.C. § 1983 does not confer constitutional or federal rights. Instead, it provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[25] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[26] Section 1983 does not provide a cause of action for violations of state law.[27]

---

[24] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[27] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 7 of 12

Mr. Isler alleges assault by a private party and reckless endangerment. These claims are not found in the U.S. Constitution, nor as a federal statutory right. Instead, both are common law torts and best addressed in Alaska state court. The statute of limitations of personal injury tort claims is two years.[28]

However, a pretrial detainee has the right to be protected while in custody under the Fourteenth Amendment of the U.S. Constitution. In order to prove a failure to protect claim, a plaintiff must show (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.[29]

## CONCLUSION

Mr. Isler has not pled the essential elements of a claim pursuant to 42 U.S.C. § 1983. Mr. Isler's Complaint fails to state a claim upon which relief may be granted. However, the Court grants Mr. Isler leave to amend in the event he may

---

[28] Alaska Stat. § 09.10.070.

[29] *See Castro v. County of Los Angeles*, 833 F.3d. 1060 (9th Cir. 2016) (en banc).

be able to allege a constitutional violation caused by a state actor as required by 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is **DISMISSED WITHOUT PREJUDICE**. The Court grants leave to amend.

2. Mr. Isler has until **December 31, 2020** to file one of the following:

   a. Amended Complaint, in which Mr. Isler would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety.[30]

   b. Notice of Voluntary Dismissal, which would inform the Court Mr. Isler no longer wishes to pursue his lawsuit and would dismiss the entire action.

3. Any Amended Complaint *must be on this Court's form*, which is being provided to Mr. Isler with this Order. As discussed above, an amended complaint will replace the prior complaint in its entirety.[31] Mr. Isler must include all of the claims he seeks to bring. Any claims not included in the amended complaint will be considered waived.

---

[30] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[31] Local Civil Rule 15.1.

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 9 of 12

4.  If Mr. Isler does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **December 31, 2020,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Mr. Isler under § 1915(g).[32]

5.  The Prisoner's Request for Exemption from the Filing Fee, which this Court construes as a Motion to Proceed *In Forma Pauperis*, at Docket 2 is DEFERRED. In federal court, a prisoner may not be fully exempted from the filing fee. Instead, the prepayment is waived and the fee is collected incrementally from the prisoner's trust account. Should Mr. Isler wish to continue his litigation, he need not file another motion regarding the filing fee. However, Mr. Isler is cautioned that should a proper claim be presented and the motion at Docket 2 is granted, a separate order directing incremental collection of the filing fee will follow.

6.  The Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**. This is a civil case, not a criminal case. And although a defendant in a criminal case has a right to assistance of counsel under the Sixth Amendment of the

---

[32] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 10 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 10 of 12

United States Constitution, generally a person has no federal right to an appointed attorney in a civil action.[33]

7. Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." "The decision to appoint counsel in a civil suit is one of discretion. . . . A district court must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively."[34] Without these factors, there are no "exceptional circumstances" under which the Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).[35] And although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[36]

8. At this stage of the litigation, this Court cannot evaluate Mr. Isler's likelihood of success on the merits. And although section 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no list of volunteer attorneys

---

[33] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[34] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[35] *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[36] Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301–08 (1989).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 11 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 11 of 12

from which it may request counsel to represent Mr. Isler. And Mr. Isler has demonstrated that he is able to articulate his claims *pro se* in light of the complexity of the legal issues involved, such that this case is not an "exceptional" one that necessitates the assistance of counsel.

9. At all times, Mr. Isler must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

10. The Clerk of Court is directed to send Mr. Isler the following forms with this Order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 30th day of November, 2020, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Order of Dismissal
Page 12 of 12
Case 5:20-cv-00010-RRB   Document 6   Filed 11/30/20   Page 12 of 12