# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MITCHELL BRADLEY ISLER,

        Plaintiff,

        v.

KETCHIKAN CORRECTIONAL, *et al.*,

        Defendants.

Case No. 5:20-cv-00010-RRB

## SCREENING ORDER RE: FIRST AMENDED COMPLAINT

On September 14, 2020, Mitchell Bradley Isler, a self-represented prisoner, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, along with state court forms for a Prisoner's Request for Exemption from the Filing Fee and a financial statement for an appointment of counsel.[1] The Court screened the Complaint in accordance with 28 U.S.C. § 1915, found that it failed to state a claim, and dismissed with leave to amend.[2] Mr. Isler filed an Amended Complaint[3] and the Court screens again in accordance with 28 U.S.C. § 1915.[4]

---

[1] Dockets 1–3.

[2] Docket 6.

[3] Docket 7.

[4] Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

## DISCUSSION

Mr. Isler has alleged the same factual allegations against the same defendants as in the original Complaint.[5] In the Court's prior Screening Order, the Court explained that 42 U.S.C. § 1983 has specific requirements.[6] Specifically, a plaintiff must allege an injury caused by a state actor in violation of a federal constitutional or civil right. In its prior Screening Order, the Court acknowledged that Mr. Isler may have a constitutional claim for failure to protect, but that he named improper defendants.[7] For purposes of 42 U.S.C. § 1983, neither defendant is a proper state actor. As previously discussed, Ketchikan Correctional Facility is immune from suit, because of sovereign immunity; and Jason Harris is a prisoner and private citizen not acting on behalf of the state.[8] In order to sufficiently state a claim under 42 U.S.C. § 1983, Mr. Isler will need to name different defendants.

In his First Amended Complaint, Mr. Isler states: "Mr. Harris should [have] never been placed on the minimum level with the nonviolent inmates. Mr. Harris

---

or (iii) seeks monetary relief against a defendant who is immune from such relief; *see also* Screening Order, Docket 6 at 1–2 for discussion of the screening requirement.

[5] *Compare* Docket 1 and Docket 7.

[6] *See* Docket 6 at 3–4.

[7] *Id.* at 5–7.

[8] *Id.*

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 2 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 2 of 7

just got out of prison for assault. He was a liability risk."[9] He further alleges "[Ketchikan Correctional] Institution [violated] it's [own] policy by placing a dangerous high classification individual on the lower, low classification individual had been in several fights."[10]

In a Section 1983 action, a defendant may be sued in either an individual or an official capacity. In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[11] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[12] A defendant sued in her individual capacity may be held liable for money damages.[13] In order for Mr. Isler to sue someone in an individual capacity, he must allege facts, which if proven, would demonstrate that the named defendant (1) personally participated in failing to protect Mr. Isler from assault and (2) that defendant's actions, or lack thereof, caused Mr. Isler's injury.

A plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an

---

[9] Docket 7 at 3.

[10] *Id.*

[11] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[12] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

[13] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 3 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 3 of 7

officer or employee.[14] A plaintiff suing a defendant in their official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[15] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[16] However, a defendant sued in their official capacity may not be sued for damages, only for injunctive relief.[17] In order for Mr. Isler to sue a defendant in their official capacity, he must (1) identify the policy he challenges and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

## CONCLUSION

Mr. Isler has alleged facts, which if proven to be true, may hold a state actor liable for failing to protect Mr. Isler while he was in custody at Ketchikan Correctional Center.[18] In order to properly raise this claim, Mr. Isler needs to allege a proper defendant. A proper defendant is a state actor—a person acting under color of state law—who either (1) personally participated, caused, or failed to

---

[14] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[15] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

[16] *Id.*

[17] *See Will*, 491 U.S. at 71 n.10.

[18] *See* Docket 6 at 8; *see also Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 4 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 4 of 7

intervene in the assault, or (2) who has the authority to grant him injunctive relief from the policy he challenges.

Mr. Isler has not pled the essential elements of a claim pursuant to 42 U.S.C. § 1983. Mr. Isler's First Amended Complaint fails to state a claim upon which relief may be granted. However, the Court grants Mr. Isler leave to amend.

**IT IS THEREFORE ORDERED:**

1. The First Amended Complaint at Docket 7 is **DISMISSED WITHOUT PREJUDICE**. The Court grants leave to amend.

2. Mr. Isler has until **April 12, 2021**, to file one of the following:

    a. <u>Amended Complaint</u>, in which Mr. Isler would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety.[19]

    b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court Mr. Isler no longer wishes to pursue his lawsuit and would dismiss the entire action.

3. Any Amended Complaint *should be on this Court's form*, which is being provided to Mr. Isler with this Order. As discussed above, an amended complaint will replace the prior complaint in its entirety.[20] Mr. Isler must include

---

[19] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[20] Local Civil Rule 15.1.

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 5 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 5 of 7

all of the claims he seeks to bring. Any claims not included in the amended complaint will be considered waived.

4. If Mr. Isler does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **April 12, 2021,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Mr. Isler under § 1915(g).[21]

5. The Prisoner's Request for Exemption from the Filing Fee, which this Court construes as a Motion to Proceed *In Forma Pauperis*, at Docket 2 is **GRANTED.** In federal court, a prisoner may not be fully exempted from the filing fee. Instead, the prepayment is waived and the fee is collected incrementally from the prisoner's trust account. Mr. Isler is cautioned that should a proper claim be presented to the Court in his Second Amended Complaint, a separate order directing incremental collection of the filing fee will follow.

6. At all times, Mr. Isler must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a

---

[21] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 6 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 6 of 7

notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of Court is directed to send Mr. Isler the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address; (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT"; and (5) a copy of the Court's prior Screening Order at Docket 6.

DATED this 10th day of March, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 5:20-cv-00010-RRB, *Isler v. Ketchikan Correctional Facility, et al.*
Screening Order Re: First Amended Complaint
Page 7 of 7
Case 5:20-cv-00010-RRB   Document 9   Filed 03/10/21   Page 7 of 7