IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MITCHELL BRADLEY ISLER,<br><br>        Plaintiff,<br><br>v.<br><br>SGT. YATES; C.O. EDENSHAW; and SUPERINTENDENT JESSICA MATTHEWS;<br><br>        Defendants. | Case No. 5:20-cv-00010-RRB<br><br>**ORDER** |

Plaintiff claims that Superintendent Jessica Mathews, Sergeant Daniel Yates, and Correctional Officer Michael Edenshaw (collectively "Defendants") failed to protect him from being assaulted by a fellow inmate on September 14, 2018, after they were assigned to the same housing unit. He alleges that he received multiple fractures to his face, requiring surgery, that he was left unconscious for "minutes," and continues to suffer from short- and long-term memory loss.[1] The Complaint alleges that Defendants Yates and Mathews, "knew or should have known Mr. Harris was prone to assaultive actions against others including the plaintiff."[2] It also alleges that Defendant Mathews "failed in

---

[1] Docket 10.
[2] Docket 10 at 3.

her duty to require her jail facility to comply with the classification and housing policies" of the DOC, and that Harris was known or should have been known to be assaultive to others.[3]

Defendants move for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. They argue that there is no evidence that shows that any Defendant made an intentional decision regarding Plaintiff's confinement, knowing that their decision put Plaintiff at substantial risk of suffering serious harm, and therefore Plaintiff's claims for violations of his civil rights under 42 U.S.C. § 1983 must be dismissed.[4]

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[5] The moving party bears the initial burden of proof for showing that no fact is in dispute.[6] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial.[7] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[8]

---

[3] Docket 10 at 5.
[4] Docket 31.
[5] Fed. R. Civ. P. 56(c).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[8] *Id.; see also In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

*Isler v. Sgt. Yates, et al.*      Case No. 5:20-cv-00010-RRB
Order Granting Summary Judgment      Page 2 of 5
Case 5:20-cv-00010-RRB    Document 36    Filed 08/24/22    Page 2 of 5

This Court provided Plaintiff with a Notice, which explained the nature of a summary judgment motion, and the importance of filing a response.[9] Plaintiff was instructed that he must "set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you." Plaintiff's Opposition was due on July 11, 2022. Nothing has been filed.

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries."[10]

Defendants argue that there "is no demonstrable correlation between any defendant's decision related to Mr. Isler's conditions of confinement and the unforeseeable assault by inmate Jason Harris."[11] Defendants argue that "both inmates were housed in

---

[9] Docket 35.
[10] *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).
[11] Docket 32 at 1.

*Isler v. Sgt. Yates, et al.*             Case No. 5:20-cv-00010-RRB
Order Granting Summary Judgment            Page 3 of 5
Case 5:20-cv-00010-RRB    Document 36    Filed 08/24/22    Page 3 of 5

accordance with State of Alaska, Department of Corrections policy & procedure and there is no demonstrable correlation between any defendant's decision related to Mr. Isler's conditions of confinement and the unforeseeable assault by inmate Jason Harris."[12] Specifically, Defendants note that "under DOC P&P, Mr. Isler, a minimum custody prisoner, and Mr. Harris, a medium custody prisoner, were permitted to be housed in the same cell, dormitory, or modular housing unit."[13] The Court agrees that there is no evidence that any Defendant made an intentional decision with respect to the conditions under which Plaintiff was confined which "put the plaintiff at substantial risk of suffering serious harm."

Plaintiff also alleges that **Defendant Edenshaw** "failed to do any action to stop, break apart, or prevent the assault," and Plaintiff suffered physical injury as a result.[14] Defendants offer a video of the incident, which the Court has reviewed.[15] The video does not support Plaintiff's allegation, as the actual assault lasted less than ten seconds before Harris stopped his attack, just as Defendant Edenshaw enters the frame on the video, and Defendant Edenshaw's Incident Report indicates that "Harris immediately backed off when told to do so, and was locked down with the rest of the dorm as well."[16]

In light of the arguments presented by Defendants, and Plaintiff's failure to respond to those arguments, this Court has no choice but to grant summary judgment in favor of Defendants. This matter is dismissed with prejudice.

---

[12] *Id.*
[13] Docket 32 at 6 (citing Docket 32-5 at (Section VI, Procedure, at C.2)).
[14] Docket 10 at 4.
[15] Docket 32 (Exhibit A).
[16] Docket 32-3 (Exhibit B).

*Isler v. Sgt. Yates, et al.*      Case No. 5:20-cv-00010-RRB
Order Granting Summary Judgment      Page 4 of 5
Case 5:20-cv-00010-RRB    Document 36    Filed 08/24/22    Page 4 of 5

IT IS SO ORDERED this 24th day of August, 2022, at Anchorage, Alaska.

                                                         */s/ Ralph R. Beistline*
                                                         RALPH R. BEISTLINE
                                                   Senior United States District Judge

*Isler v. Sgt. Yates, et al.*                                                                                Case No. 5:20-cv-00010-RRB
Order Granting Summary Judgment                                                           Page 5 of 5
Case 5:20-cv-00010-RRB    Document 36    Filed 08/24/22    Page 5 of 5